# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Miles<br>721 Lincoln Highway #2<br>Coatesville, PA 19320 | : : : : | |
| Plaintiff, | : : | Civil Action No.: |
| v. | : : : | |
| Borough of Downingtown<br>d/b/a Downingtown Police Department<br>10 W. Lancaster Ave.<br>Downington, PA 19335 | : : : : : | |
| And | : : | |
| Chester County<br>d/b/a Downingtown Police Department<br>313 West Market Street, Suite 6302<br>West Chester, PA 19380 | : : : : : : | **JURY TRIAL DEMANDED** |
| And | : : | |
| Delaware County<br>201 West Front Street<br>Media, PA 19063 | : : : : | |
| And | : : | |
| Marti Howell, individually and in his official<br>capacity as Parole Officer for the<br>Pennsylvania Board of Probation and Parole<br>701 Crosby Street – Suite C<br>Chester, PA 19013 | : : : : : : | |
| And | : : | |
| Pennsylvania Board of Probation and Parole<br>701 Crosby Street – Suite C<br>Chester, PA 19013 | : : : : | |
| And | : : | |
| John Does 1-10 | : | |

:
          Defendants.          :

## CIVIL ACTION COMPLAINT

### I.     Jurisdiction and Venue

1.     Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2.     Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II.    Parties

3.     Plaintiff, Michael Miles, is an adult individual, currently residing at the above captioned address.

4.     Defendants, Borough of Downingtown and Chester County, are municipalities doing business as Downingtown Police Department, located at the above captioned addresses.

5.     Defendant, Delaware County, is a municipality located at the above captioned address.

6.     Defendant, Marti Howell, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, Pennsylvania Board of Probation and Parole, as well as in his official capacity as parole officer, acting under color of State law.

7.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon

information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### III.     Operative Facts

8.     On or about August 13, 2012, Plaintiff was attending a family reunion in a public park when an argument started between Plaintiff's family members and some teenagers.

9.     Upon information and belief, the teenagers called Defendant, Downingtown Police.

10.    Two (2) John Does, Defendants, Downingtown police officers arrived and approached Plaintiff.  They advised Plaintiff that Defendant, Delaware County, had issued a warrant to hold Plaintiff. In fact, Delaware County issued no such warrant.  Plaintiff then asked Defendants what the warrant regarded.  Defendants responded, "I don't know."

11.    Plaintiff was transported by the police officers to Chester County Prison – where Plaintiff remained for several days – without explanation or a hearing.

12.    Eventually the Delaware County Sheriff's transferred Plaintiff to George Hill Prison, where Plaintiff remained for approximately 17 more days – again, without explanation nor a hearing.

13.    Finally, after more than two (2) weeks, two (2) guards approached Plaintiff and told him "you're free to go."  Upon information and belief, Defendants realized there was no active warrant for Plaintiff.  Defendants released Plaintiff without verbal or written explanation.

14.    Upon information and belief, when Plaintiff's former parole officer, Defendant, Marti Howell, and his employer, Defendant, Pennsylvania Board of Probation and Parole, never signed off on Plaintiff's completion of his parole requirements prior to Howell's retirement, a violation was issued (in fact, Plaintiff completed all parole requirements).

15.     The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.  Specifically, Defendants arrest and imprison citizens without probable nor any cause denying them due process.

16.     As a result of Defendants' actions, Plaintiff nearly lost his job, lost wages during imprisonment, and suffered emotional distress.

## IV.     Causes of Action

### COUNT I
### False Arrest
### (Federal and State Law)

17.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

18.     Defendants lacked probable cause to arrest Plaintiff.

19.     Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

20.     Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

21.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

### COUNT II
### False Imprisonment
### (Federal and State Law)

22.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

23.     Defendants lacked probable cause to arrest Plaintiff.

24. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

25. Defendants intentionally deprived Plaintiff of his liberty for a purpose other than bringing Plaintiff to justice.

26. Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

## COUNT III
### *Monell*

27. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

28. Prior to the events described herein, Defendants, Borough of Downingtown and County of Delaware, developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Borough of Downingtown and County of Delaware, which caused violations of Plaintiff's constitutional and other rights.

29. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

30. Plaintiff suffered harm due to Defendants' conduct.

## COUNT IV
### Malicious Prosecution

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

32. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction to legally justify the incarceration and charges.

33. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

34. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged obstructing administration of law/governmental function.

36. Plaintiff was seized from the time he was arrested through the time he was imprisoned.

37. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

38. The criminal action terminated in Plaintiff's favor after Defendants released Plaintiff from prison without verbal or written explanation.

## COUNT V
### Wrongful Search and Seizure
### (Federal and State Law)

39. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

40. Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

**COUNT VI**
**Violation of Due Process under the U.S. Constitution Amendments IV and XIV**

41. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42. Defendants arrested and imprisoned Plaintiff without probable nor any cause denying him due process.

43. To perpetuate its misconduct, Defendant, clothed themselves with color of state authority through the use of the Borough of Downingtown and County of Delaware.

44. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of its rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV.

**V.     Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

- a. Statutory damages;
- b. Compensatory damages, including;
    - i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;
    - ii. Attorneys' fees and expenses, and costs of suit.
- c. Injunctive relief, including;
    - i. Monitoring and training.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff