## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILES** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF DOWNINGTOWN d/b/a** | : | |
| **DOWNINGTOWN POLICE DEPARTMENT;** | : | **Civil Action No. 14-cv-02218** |
| **and** | : | |
| **CHESTER COUNTY d/b/a** | : | |
| **DOWNINGTOWN POLICE DEPARTMENT;** | : | |
| **and** | : | |
| **DELAWARE COUNTY;** | : | |
| **and** | : | |
| **MARTI HOWELL, individually and in his** | : | |
| **official capacity as Parole Officer for the** | : | |
| **Pennsylvania Board of Probation and Parole;** | : | |
| **and** | : | |
| **PENNSYLVANIA BOARD OF PROBATION** | : | |
| **AND PAROLE;** | : | |
| **and** | : | |
| **JOHN DOES 1-10** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2014, upon consideration of Defendant, Delaware County's Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED.** Plaintiff's Complaint is hereby **DISMISSED** with prejudice as to Defendant, Delaware County.

**BY THE COURT:**

_____
**The Honorable William H. Yohn, Jr.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILES** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF DOWNINGTOWN d/b/a** | : | |
| **DOWNINGTOWN POLICE DEPARTMENT;** | : | Civil Action No. 14-cv-02218 |
| **and** | : | |
| **CHESTER COUNTY d/b/a** | : | **JURY TRIAL DEMANDED** |
| **DOWNINGTOWN POLICE DEPARTMENT;** | : | |
| **and** | : | |
| **DELAWARE COUNTY;** | : | |
| **and** | : | |
| **MARTI HOWELL, individually and in his** | : | |
| **official  capacity as Parole Officer for the** | : | |
| **Pennsylvania Board  of Probation and Parole;** | : | |
| **and** | : | |
| **PENNSYLVANIA BOARD OF PROBATION** | : | |
| **AND PAROLE;** | : | |
| **and** | : | |
| **JOHN DOES 1-10** | : | |
| **Defendants** | : | |

## DEFENDANT, DELAWARE COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Delaware County, by and through its attorney, Michael P. Laffey of Holsten & Associates, hereby files this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully submits the following:

1.     Plaintiff brings this lawsuit alleging that he was unlawfully arrested on or about August 13, 2012.  (*See* Plaintiff's Complaint, attached hereto as Exhibit **"A"**).

2.      Plaintiff states that police arrested him on grounds that there was a outstanding warrant in Delaware County – but Plaintiff alleges there was *"no such warrant."* (*See* Exhibit **"A"**, ¶ 10).[1]

3.      Plaintiff alleges that his arrest occurred because CoDefendants, *"Marti Howell, and his employer, Defendant, Pennsylvania Board of Probation and Parole, never signed off on Plaintiff's completion of his parole requirements."* (*See* Exhibit **"A"**, ¶ 14).

4.      Plaintiff's *Monell* action against Delaware County fails because:

   i)      Plaintiff fails to allege that any **_Delaware County_** official committed a constitutional violation; and/or

   ii)     Plaintiff alleges no **_facts_** that would state a claim for **_municipal_** liability.

5.      Also, Plaintiff's state-law claims against Delaware County fail because Delaware County is immune from intentional tort claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act").  *See* 42 Pa.C.S.A. § 8541, et seq.

6.      Delaware County's supporting Memorandum of Law is incorporated by reference as though fully stated herein.

---

[1]      The Pennsylvania Administrative Office of Pennsylvania Court's ("AOPC") docket indicates that Judge Barry C. Dozor of the Delaware County Court of Common Pleas issued a Bench Warrant for Plaintiff on April 1, 2010; and said warrant was not rescinded until August 22, 2012. (*See* AOPC docket, attached hereto and made a part hereof as Exhibit **"B"**).  Thus, per the AOPC docket, there **_was_** an outstanding warrant for Plaintiff on the alleged date of the subject arrest (i.e. August 13, 2012).  Delaware County hereby places Plaintiff on notice of its intent to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure should Plaintiff continue to prosecute this action.

**WHEREFORE,** Defendant, Delaware County, respectfully requests that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint with prejudice as to Delaware County.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

BY: 

**MICHAEL P. LAFFEY, ESQUIRE**
**Attorney I.D. No.: 90225**
**Holsten & Associates**
**One Olive Street**
**Media, PA 19063**
**Attorney for Defendant, Delaware County**

## CERTIFICATE OF SERVICE

I, Michael P. Laffey, Esquire, counsel for Defendant, Delaware County, hereby state that

a true and correct copy of said Defendant's Motion to Dismiss Plaintiff's Complaint, with

supporting Memorandum of Law,  was served upon the following individual(s) via electronically

and/or United States First Class Mail, this 14th   day of May, 2014:

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
WEISBERG LAW
7 South Morton Avenue
Morton, PA 19070

Christine E. Munion, Esquire
Law Offices of William J. Ferren & Associates
10 Sentry Parkway
Suite 301
Blue Bell, PA  19422

Marti Howell
701 Crosby Street – Suite C
Chester, PA  19013

Pennsylvania Board of Probation and Parole
701 Crosby Street – Suite C
Chester, PA  19013

Respectfully submitted,

HOLSTEN & ASSOCIATES

BY: _____

MICHAEL P. LAFFEY, ESQUIRE
Attorney I.D. No.: 90225
Holsten & Associates
One Olive Street
Media, PA 19063
Attorney for Defendant, Delaware County

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILES | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| BOROUGH OF DOWNINGTOWN d/b/a | : | |
| DOWNINGTOWN POLICE DEPARTMENT; | : | Civil Action No. 14-cv-02218 |
|     and | : | |
| CHESTER COUNTY d/b/a | : | JURY TRIAL DEMANDED |
| DOWNINGTOWN POLICE DEPARTMENT; | : | |
|     and | : | |
| DELAWARE COUNTY; | : | |
|     and | : | |
| MARTI HOWELL, individually and in his | : | |
|  official capacity as Parole Officer for the | : | |
| Pennsylvania Board of Probation and Parole; | : | |
|     and | : | |
| PENNSYLVANIA BOARD OF PROBATION | : | |
| AND PAROLE; | : | |
|     and | : | |
| JOHN DOES 1-10 | : | |
|     Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DELAWARE COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.   BACKGROUND

Plaintiff brings this lawsuit alleging that he was unlawfully arrested on or about August 13, 2012. (*See* Plaintiff's Complaint, attached hereto as Exhibit "A"). Plaintiff states that police arrested him on grounds that there was a outstanding warrant in Delaware County – but Plaintiff alleges that no such warrant existed. (*See* Exhibit "A", ¶ 10). Plaintiff specifically alleges as follows:

1

> *Two (2) John Does, Defendants, Downingtown police officers arrived and approached Plaintiff.  They advised Plaintiff that Defendant, Delaware County, had issued a warrant to hold Plaintiff.  In fact, Delaware County **issued no warrant.***

(*See* Exhibit **"A"**, ¶10).

The Pennsylvania Administrative Office of Pennsylvania Court's ("AOPC") docket indicates that Judge Barry C. Dozor of the Delaware County Court of Common Pleas issued a Bench Warrant for Plaintiff on April 1, 2010; and said warrant was not rescinded until August 22, 2012.  (*See* AOPC docket, attached hereto and made a part hereof as Exhibit **"B"**).  Thus, per the AOPC docket, there <u>*was*</u> an outstanding warrant for Plaintiff on the alleged date of the subject arrest (i.e. August 13, 2012).  Delaware County hereby places Plaintiff on notice of its intent to move for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure should Plaintiff continue to prosecute this action.

Plaintiff alleges that his arrest occurred because CoDefendants, *"Marti Howell, and his employer, Defendant, Pennsylvania Board of Probation and Parole, never signed off on Plaintiff's completion of his parole requirements."* (*See* Exhibit **"A"**, ¶ 14).

Plaintiff brings a *Monell* action against Defendant, Delaware County (and the Borough of Downingtown).  Plaintiff alleges, in the most abstract and conclusory terms, that there was a *"custom, policy and/or practice"* to: *"arrest and imprison citizens without probable nor any cause denying them due process."* (*See* Exhibit **"A"**, ¶ 15).

Defendant, Delaware County, now seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* F.R.Civ.P. 12(b)(6).

## II.   STANDARD OF REVIEW

A party may move to dismiss a complaint for failure to state a claim upon which relief

can be granted. *See* F.R.Civ.P. 12(b)(6). When considering such a motion, the Court must

*"accept as true all allegations in the complaint and all reasonable inferences that can be drawn*

*therefrom, and view them in the light most favorable to the non-moving party." See* DeBenedictis

v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir.2007).  To withstand a motion to

dismiss, the complaint's *"[f]actual allegations must be enough to raise a right to relief above the*

*speculative level." See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007). This *"requires more than labels and conclusions, and a formulaic*

*recitation of the elements of a cause of action will not do." Id.*  Although a plaintiff is entitled to

all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to

deference and the Court is *"not bound to accept as true a legal conclusion couched as a factual*

*allegation." See* Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible

claim for relief. *See* Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir.2009).

*" 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to*

*draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id.*

(*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In

deciding a Rule 12(b)(6) motion, the Court is to limit its inquiry to the facts alleged in the

complaint and its attachments, matters of public record, and undisputedly authentic documents if

the complainant's claims are based upon these documents. *See* Jordan v. Fox, Rothschild,

O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994); Pension Benefit Guar. Corp. v. White

Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

## III.   ARGUMENT

Plaintiff's *Monell* action against Delaware County fails because:

    i)    Plaintiff fails to allege that any ***Delaware County*** official committed a constitutional violation; and/or

    ii)    Plaintiff alleges no ***facts*** that would state a claim for ***municipal*** liability.

Also, Plaintiff's state-law claims against Delaware County fail because Delaware County is immune from intentional tort claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act"). *See* 42 Pa.C.S.A. § 8541, et seq. Accordingly, Plaintiff's Complaint should be dismissed with prejudice as to Defendant, Delaware County.

### 1.   *Plaintiff fails to allege that any DELAWARE COUNTY official committed a constitutional violation.*

*"As a matter of law, a Monell claim against municipal defendants will not lie where a plaintiff has failed to show that he has suffered a constitutional violation at the hands of any individual employee."* See <u>Miles v. City of Philadelphia</u>, 2013 WL 125186, *5 (E.D.Pa.). Plaintiff's *Monell* claim against Defendant, Delaware County, fails because Plaintiff fails to allege that any ***Delaware County*** employee committed a constitutional violation.

Plaintiff's *factual* allegations are quite limited. Plaintiff alleges that he was arrested by *"Downingtown police officers."* (*See* Exhibit **"A"**, ¶ 10). Plaintiff alleges that he was then transported to Chester County Prison after his arrest. (*See* Exhibit **"A"**, ¶ 11). Plaintiff states that, several days later, *"Delaware County Sheriff's* [sic] *transferred Plaintiff to George Hill Prison."* (*See* Exhibit **"A"**, ¶ 12). Plaintiff goes on to allege that his arrest/incarceration was unlawful and occurred only because CoDefendants, *"Marti Howell, and his employer, Defendant, Pennsylvania Board of Probation and Parole, never signed off on Plaintiff's completion of his parole requirements."* (*See* Exhibit **"A"**, ¶ 14).

Obviously, Plaintiff alleges no facts to state a claim for a constitutional violation against any ***Delaware County*** employee. Plaintiff alleges that he was arrested by officers for Downingtown Borough, not Delaware County. The only reference to Delaware County employees is that county sheriffs transported Plaintiff from Chester County Prison to Delaware County Prison. However, a sheriff certainly does not commit a constitutional violation by transporting a prisoner from one prison to another – especially where that prisoner had an outstanding bench warrant at the time of the transport, as Plaintiff did here. (*See* Exhibit **"B"**).

Furthermore, Defendant, Delaware County, cannot be liable under § 1983 for the alleged conduct of CoDefendants, Marti Howell and the Pennsylvania Board of Probation of Parole, because said CoDefendants are *"arms of the **state**"* (not County actors). *See* Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193 (3d Cir. 2008); Henry v. Philadelphia Adult Probation and Parole Department, 2007 WL 2670140, *4 (E.D.Pa.) (*"The PAPPD [Philadelphia Adult Probation and Parole Department] is an arm of the state."*); Thompson v. Williams, 2013 WL 2452205, *6 (W.D.Pa.) (dismissing *Monell* claim against Fayette County for alleged violations by the Department of Probation and Parole: *"Fayette County cannot be held accountable for the actions of a state entity and its agents over which it has no control."*); Wallace v. Powell, 2009 WL 6850318, *9 (M.D.Pa.).

The Court in Wallace dismissed the *Monell* claim against Luzerne County for alleged violations by Chief Juvenile Probation Officers. The Court held that Luzerne County cannot be liable for the acts of probation officers because probation officers are *state*, not county, actors. The Court specifically concluded as follows:

> *Plaintiffs allege that Brulo and Loughney [Chief Probation Officers] created liability for Luzerne County by creating the rights to an attorney waiver forms, and by pressuring subordinate probation officers into making recommendations for incarceration. While it is clear that they acted as final policy-makers for the probation department, I find that they acted as state rather than county officers. Because Luzerne County may only be liable through the actions of their own final policy-makers, I find that for the purpose of these motions Brulo and Loughney were not final policy-makers.*

> Id. at *9.

> ...      ...      ...

> *A president judge, a common pleas judge, and a chief juvenile probation officer are all state, rather than county, actors and therefore they cannot be county policy-makers.*

> Id. at *12.

Plaintiff states in his Complaint that CoDefendant, Marti Howell, was employed as a parole officer with CoDefendant, the Pennsylvania Board of Probation and Parole. (*See* Exhibit "A", ¶ 6). Clearly then, both of these CoDefendants are ___*state*___, not county, actors. Thus, as a matter of law, Defendant, Delaware County, cannot be liable under § 1983 for the alleged conduct of said CoDefendants.

Again, Plaintiff fails to allege that any ___*Delaware County*___ employee committed a constitutional violation. Thus, Plaintiff's *Monell* claim against Delaware County necessarily fails. Accordingly, this Honorable Court should dismiss Plaintiff's *Monell* with prejudice as to Defendant, Delaware County, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* F.R.Civ.P. 12(b)(6).

6

2.       *Plaintiff alleges no FACTS that would state a claim for MUNICIPAL liability.*

A municipality can be liable in civil rights only when a constitutional violation results

from an official policy or custom. *See* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipal "policy" exists *"when a 'decisionmaker*

*possess[ing] final authority to establish municipal policy with respect to the action' issues an*

*official proclamation, policy, or edict."* *See* Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d

Cir. 1990). A municipal "custom" arises when, *"though not authorized by law, such practices of*

*state officials [are] so permanent and well settled as to virtually constitute law."* Id. To state a

claim under a "policy" or "custom" theory, a plaintiff must *"identify a custom or policy, and*

*specify what exactly that custom or policy was."* *See* McTernan, 564 F.3d at 658.

A single decision by a municipal official may constitute "policy" under *Monell*, but only

if the official is responsible for establishing final policy with respect to the subject matter in

question. *See* Pembaur v. Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed.2d 452

(1986). A "custom" *"requires proof of knowledge and acquiescence by the decisionmaker."*

*See* McTernan, 564 F.3d at 658. An official has final policy-making authority only if he or she

has *"final, unreviewable discretion"* to make decisions respecting such activity. *See* Andrews,

895 F.2d at 1481; Pembaur, 475 U.S. at 483; Koltonuk v. Borough of Laureldale, 443 F.Supp.2d

685, 699 (E.D.Pa. 2006). Whether an official has such authority is ultimately a question of state

law. *See* Pembaur, 475 U.S. at 483, 106 S.Ct. 1292.

A claim of municipal liability will survive a motion to dismiss only if it *"allege[s]*

*conduct by a municipal decisionmaker."* *See* McTernan, 564 F.3d at 658. The Third Circuit has

made it clear that *"absent the conscious decision or deliberate indifference of some natural*

*person, a municipality, as an abstract entity, cannot be deemed in violation by virtue of a policy,*

7

*a custom, or a failure to train."* See Simmons v. City of Phila., 947 F.2d 1042, 1063 (3d Cir. 1991). Thus, a plaintiff claiming municipal liability under § 1983 *"must both identity officials with ultimate policymaking authority in the area in question and adduce scienter-like evidence…with respect to them."* Id. at 1062.

Furthermore, broad, conclusory allegations of municipal liability cannot survive a demurrer as *"formulaic recitation of the elements of a cause of action will not do."* See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *See also* Kean v. Henry, 2012 WL 646053, *7 (E.D.Pa. 2012) (*"As with his practice or custom claim, Kean's failure to train claim must fail because he alleges no facts to show deliberate indifference, despite applying the appropriate legal jargon to label it as such."*); Becerril v. Mancini, 2008 WL 5250272 (E.D.Pa.) (where the Court dismissed a *Monell* claim on the ground that general allegations of unlawful policies and/or practices were insufficient); Hart v. Tannery, 2011 WL 940311, *9 (E.D.Pa.) (*"A declaration that Defendants' actions rose to the level of an official policy or custom is insufficient to support liability under § 1983."*); Winslow v. the Borough of Malvern PA, 2009 WL 4609590, *6 (E.D.Pa.) (*"These are merely formulaic recitations of the elements of a Monell claim and, under Twombly, are insufficient to withstand a motion to dismiss."*).

Here, Plaintiff alleges, in the most abstract and conclusory terms, that there was a *"custom, policy and/or practice"* to: *"arrest and imprison citizens without probable nor any cause denying them due process."* (See Exhibit **"A"**, ¶ 15). These allegations are clearly insufficient to survive a demurrer. The Court in Kean, supra. (E.D.Pa. 2012) was confronted with such broad, conclusory allegations of municipal liability. The plaintiffs in Kean alleged as follows:

8

- *"After the formation of the Regional Police and due to Kean's public opposition to the force, the Regional Police began a pattern, policy practice and/or custom of refusing to respond to Kean's requests for police assistance and/or harassing Kean."*

- *"Lyons was acting upon Elizabethtown Borough's custom, practice and policy in conspiracy with West Donegal Township and Mount Joy Township to harass Kean."*

- *"The comments of the police office and state police lieutenant confirmed Kean's suspicion that West Donegal Township, Mount Joy Township, and Elizabeth[town] Borough had enacted a policy, custom and practice to harass Kean in retaliation for Kean's opposition to the merger."* and

- *"The Comments of the police officer and state police lieutenant evidence a policy and/or practice of harassing and retaliation against an individual that offers political opposition."*

Id. at *4.

The Court in <u>Kean</u> sustained a demurrer to said allegations, concluding as follows:

> *Plaintiffs do not cite any unlawful policy as the source of their injuries.*
> *(FN5. As noted below, the Amended Complaint does reference "policy" in*
> *several places, but no actual policy is ever cited. See Am. Compl. ¶¶ 27, 51, 56,*
> *58.).*
>
> <u>Id.</u>
>
> ...        ...        ...
>
> *Despite employing appropriate vocabulary, Plaintiffs fail to allege any **facts** from*
> *which the Court could conclude that West Donegal, Mount Joy or Elizabethtown*
> *condoned or was otherwise responsible for such a "well-settled and permanent"*
> *custom "as virtually to constitute law."* [emphasis added].
>
> ...        ...        ...
>
> *Furthermore, Kean fails to allege any **facts** that suggest a municipal*
> *decisionmaker's personal knowledge of the unlawful conduct alleged here.*
> [emphasis added]. *The Amended Complaint simply paraphrases § 1983, and*
> *"formulaic recitation of the elements of a cause of action will not do." As Kean*
> *"does not adequately plead a custom or policy, or a link between the challenged*
> *restriction and a municipal decisionmaker, the restriction cannot fairly be said to*
> *represent official policy, warranting the imposition of municipal liability."*
> (citations omitted).
>
> <u>Id.</u> at *5.

The Court in <u>Kean</u> then went on to dismiss the plaintiffs' "policy" and/or "custom" claims with

prejudice. <u>Id.</u> *8.

Like the plaintiffs in <u>Kean</u>, Plaintiff here pleads no ***facts*** that would state a claim of

municipal liability under *Monell*. Plaintiff's allegation that there was a "policy" and/or "custom"

to *"arrest and imprison citizens without probable nor any cause denying them due process"* – is

nothing more than a bald, legal conclusion that is entitled to no deference. Plaintiff cites no

actual policy by any person with final, unreviewable, decision-making authority for Delaware

County. Indeed, Plaintiff fails to identify any policymaker for Defendant, Delaware County.

Despite Plaintiff's use of the word "custom" in the Complaint, Plaintiff alleges no ***facts*** to

suggest the existence of any *"well-settled and permanent"* practice of subjecting persons to excessive force. In fact, the only incident referenced in Plaintiff's Complaint is the one involving him.

Plaintiff asserts nothing more than legal jargon against Delaware County and, as a matter of law, *"a formulaic recitation of the elements of a cause of action will not do." See* Twombly, supra. Accordingly, this Honorable Court should dismiss Plaintiff's *Monell* with prejudice as to Defendant, Delaware County, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* F.R.Civ.P. 12(b)(6).

### 3. *Delaware County is immune from Plaintiff's state-law intentional tort claims.*

Plaintiff asserts state-law claims against Defendant, Delaware County, for: *"false arrest;" "false imprisonment;"* and *"wrongful search and seizure."* Plaintiff is clearly alleging intentional torts, not negligence. However, all of Plaintiff's state-law claims against Delaware County fail because said Defendant is immune from intentional torts pursuant to the Pennsylvania Political Subdivision Tort Claims Act. *See* 42 Pa.C.S.A. § 8541, et seq.; *See also* Rosembert v. Borough of East Lansdowne, 2014 WL 1395032, *6 (E.D.Pa.) (*"The Tort Claims Act provides that local government agencies are immune from suit for the intentional torts committed by its employees."* citing Lazarde v. City of Reading, 2012 WL 4473246, *6 (E.D.Pa.)); Douris v. Schweiker, 229 F.Supp.2d 391, 403 (*"Count IV against Defendants Bucks County and DA's Office therefore will be dismissed because of their immunity under the PSTCA for the intentional torts of malicious prosecution, abuse of process, and conspiracy."*).

Accordingly, this Honorable Court should dismiss Plaintiff's state-law claims with prejudice as to Defendant, Delaware County, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* F.R.Civ.P. 12(b)(6).

## IV.    CONCLUSION

Plaintiff's *Monell* action against Defendant, Delaware County, fails because Plaintiff fails to allege that any ***Delaware County*** official committed a constitutional violation.

Plaintiff's *Monell* action against Defendant, Delaware County, fails also because Plaintiff alleges no ***facts*** that would state a claim for ***municipal*** liability.

Plaintiff's state-law claims against Defendant, Delaware County, fail because said Defendant is immune from intentional torts pursuant to the Tort Claims Act.

Accordingly, this Honorable Court should dismiss Plaintiff's Complaint with prejudice as to Defendant, Delaware County.

Respectfully submitted,

HOLSTEN & ASSOCIATES

BY:    _____
MICHAEL P. LAFFEY, ESQUIRE
Attorney I.D. No.: 90225
Holsten & Associates
One Olive Street
Media, PA 19063
Attorney for Defendant, Delaware County

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miles<br>721 Lincoln Highway #2<br>Coatesville, PA 19320 | : |
| Plaintiff, | :<br>: Civil Action No.: |
| v. | : |
| Borough of Downingtown<br>d/b/a Downingtown Police Department<br>10 W. Lancaster Ave.<br>Downington, PA 19335 | : |
| And | : |
| Chester County<br>d/b/a Downingtown Police Department<br>313 West Market Street, Suite 6302<br>West Chester, PA 19380 | :<br>: **JURY TRIAL DEMANDED** |
| And | : |
| Delaware County<br>201 West Front Street<br>Media, PA 19063 | : |
| And | : |
| Marti Howell, individually and in his official<br>capacity as Parole Officer for the<br>Pennsylvania Board of Probation and Parole<br>701 Crosby Street – Suite C<br>Chester, PA 19013 | : |
| And | : |
| Pennsylvania Board of Probation and Parole<br>701 Crosby Street – Suite C<br>Chester, PA 19013 | : |
| And | : |
| John Does 1-10 | : |

Defendants.          :

## CIVIL ACTION COMPLAINT

**I.      Jurisdiction and Venue**

1.      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2.      Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

**II.     Parties**

3.      Plaintiff, Michael Miles, is an adult individual, currently residing at the above captioned address.

4.      Defendants, Borough of Downingtown and Chester County, are municipalities doing business as Downingtown Police Department, located at the above captioned addresses.

5.      Defendant, Delaware County, is a municipality located at the above captioned address.

6.      Defendant, Marti Howell, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, Pennsylvania Board of Probation and Parole, as well as in his official capacity as parole officer, acting under color of State law.

7.      Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon

information and belief, Defendants, John Does, were agents, servants, workmen, or employees of

Co-Defendant, liable to Plaintiff hereunder.

### III.   Operative Facts

8.      On or about August 13, 2012, Plaintiff was attending a family reunion in a public park

when an argument started between Plaintiff's family members and some teenagers.

9.      Upon information and belief, the teenagers called Defendant, Downingtown Police.

10.     Two (2) John Does, Defendants, Downingtown police officers arrived and approached

Plaintiff.  They advised Plaintiff that Defendant, Delaware County, had issued a warrant to hold

Plaintiff. In fact, Delaware County issued no such warrant.  Plaintiff then asked Defendants what

the warrant regarded.  Defendants responded, "I don't know."

11.     Plaintiff was transported by the police officers to Chester County Prison – where Plaintiff

remained for several days – without explanation or a hearing.

12.     Eventually the Delaware County Sheriff's transferred Plaintiff to George Hill Prison,

where Plaintiff remained for approximately 17 more days – again, without explanation nor a

hearing.

13.     Finally, after more than two (2) weeks, two (2) guards approached Plaintiff and told him

"you're free to go".  Upon information and belief, Defendants realized there was no active

warrant for Plaintiff.  Defendants released Plaintiff without verbal or written explanation.

14.     Upon information and belief, when Plaintiff's former parole officer, Defendant, Marti

Howell, and his employer, Defendant, Pennsylvania Board of Probation and Parole, never signed

off on Plaintiff's completion of his parole requirements prior to Howell's retirement, a violation

was issued (in fact, Plaintiff completed all parole requirements).

15.     The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.  Specifically, Defendants arrest and imprison citizens without probable nor any cause denying them due process.

16.     As a result of Defendants' actions, Plaintiff nearly lost his job, lost wages during imprisonment, and suffered emotional distress.

IV.     Causes of Action

## COUNT I
### False Arrest
### (Federal and State Law)

17.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

18.     Defendants lacked probable cause to arrest Plaintiff.

19.     Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

20.     Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

21.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

## COUNT II
### False Imprisonment
### (Federal and State Law)

22.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

23.     Defendants lacked probable cause to arrest Plaintiff.

24.     Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

25.     Defendants intentionally deprived Plaintiff of his liberty for a purpose other than bringing Plaintiff to justice.

26.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

### COUNT III
*Monell*

27.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

28.     Prior to the events described herein, Defendants, Borough of Downingtown and County of Delaware, developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Borough of Downingtown and County of Delaware, which caused violations of Plaintiff's constitutional and other rights.

29.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

30.     Plaintiff suffered harm due to Defendants' conduct.

### COUNT IV
**Malicious Prosecution**

31.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

32.     At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction to legally justify the incarceration and charges.

33.     Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

34.     Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

35.     Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged obstructing administration of law/governmental function.

36.     Plaintiff was seized from the time he was arrested through the time he was imprisoned.

37.     Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

38.     The criminal action terminated in Plaintiff's favor after Defendants released Plaintiff from prison without verbal or written explanation.

## COUNT V
### Wrongful Search and Seizure
### (Federal and State Law)

39.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

40.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as state law.

## COUNT VI
### Violation of Due Process under the U.S. Constitution Amendments IV and XIV

41.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42.    Defendants arrested and imprisoned Plaintiff without probable nor any cause denying him due process.

43.    To perpetuate its misconduct, Defendant, clothed themselves with color of state authority through the use of the Borough of Downingtown and County of Delaware.

44.    Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of its rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV.

V.    Prayer for Relief

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory damages;
    b. Compensatory damages, including;
        i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;
        ii. Attorneys' fees and expenses, and costs of suit.
    c. Injunctive relief, including;
        i. Monitoring and training.


                                WEISBERG LAW


                                /s/ Matthew B. Weisberg
                                Matthew B. Weisberg, Esquire
                                David A. Berlin, Esquire
                                Attorneys for Plaintiff

# EXHIBIT "B"

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



Docket Number: CP-23-CR-0005903-2006

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Michael Miles

Page 1 of 8

## CASE INFORMATION

Judge Assigned: Dozor, Barry C.                        Date Filed: 08/25/2006          Initiation Date: 08/05/2006

OTN: K 450016-0                LOTN:                      Originating Docket No: MJ-32136-CR-0000397-2006

Initial Issuing Authority: Judge Migrated               Final Issuing Authority: Judge Migrated

Arresting Agency: Upper Chichester Twp Police Dept      Arresting Officer: Smoak, Hurley L.

Complaint/Incident #: UC0613288

Case Local Number Type(s)                               Case Local Number(s)

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 08/05/2006 |
|---|---|---|---|---|---|
| | | 08/22/2012 | Warrant Rescinded | | |
| | | 09/24/2007 | Sentenced/Penalty Imposed | | |
| | | 09/24/2007 | Awaiting Sentencing | | |
| | | 11/22/2006 | Awaiting Trial | | |
| | | 10/23/2006 | Awaiting Trial Scheduling | | |
| | | 08/25/2006 | Awaiting Formal Arraignment | | |
| | | 08/25/2006 | Awaiting Filing of Information | | |

Complaint Date:   08/05/2006

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 10/19/2006 | 9:00 am | | | Scheduled |
| Pre-Trial Conference | 11/20/2006 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Scheduled |
| Trial | 01/22/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Moved |
| Trial | 04/02/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Continued |
| Trial | 04/16/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Moved |
| Trial | 05/07/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Continued |
| Trial | 06/25/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Continued |
| Trial | 07/23/2007 | 9:00 am | | Judge Barry C. Dozor | Continued |
| Trial | 09/24/2007 | 9:00 am | Courtroom 1 | Judge Barry C. Dozor | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|

CPCMS 9082

Printed: 05/06/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



Docket Number: CP-23-CR-0005903-2006

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Michael  Miles

Page 2 of 8

## DEFENDANT INFORMATION

Date Of Birth: ███████          City/State/Zip:

Alias Name
Miles, Michael Owen

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Miles, Michael |

## BAIL INFORMATION

Miles, Michael                                                                                   Nebbia Status:  None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 08/05/2006 | Monetary | | $500,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | M1 | 18 § 901 §§A | Criminal Attempt -  Criminal Homicide | 08/05/2006 | K 450016-0 |
| 2 | 5 | F1 | 18 § 2702 §§A1 | Aggravated Assault | 08/05/2006 | K 450016-0 |
| 3 | 2 | F3 | 18 § 3503 §§A1I | Crim Tres-Enter Structure | 08/05/2006 | K 450016-0 |
| 4 | 3 | F3 | 18 § 3503 §§A1I | Crim Tres-Enter Structure | 08/05/2006 | K 450016-0 |
| 5 | 4 | F3 | 18 § 901 §§A | Criminal Attempt -  Crim Tres-Enter Structure | 08/05/2006 | K 450016-0 |
| 6 | 8 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 08/05/2006 | K 450016-0 |
| 7 | 6 | M2 | 18 § 2701 §§A1 | Simple Assault | 08/05/2006 | K 450016-0 |
| 8 | 7 | M2 | 18 § 2705 | Recklessly Endangering Another Person | 08/05/2006 | K 450016-0 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

Lower Court Proceeding (generic)

| Lower Court Disposition | 08/22/2006 | Not Final | |
|---|---|---|---|
| 1 / Criminal Attempt -  Criminal Homicide | Held for Court (Lower Court) | M1 | 18 § 901 §§ A |
| 2 / Aggravated Assault | Held for Court (Lower Court) | F1 | 18 § 2702 §§ A1 |
| 3 / Crim Tres-Enter Structure | Held for Court (Lower Court) | F3 | 18 § 3503 §§ A1I |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

## COURT OF COMMON PLEAS OF DELAWARE COUNTY

### DOCKET



**Docket Number: CP-23-CR-0005903-2006**

# CRIMINAL DOCKET

#### Court Case

Commonwealth of Pennsylvania

v.

Michael Miles

Page 3 of 8

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| 4 / Crim Tres-Enter Structure | Held for Court (Lower Court) | F3 | 18 § 3503 §§ A1I |
| 5 / Criminal Attempt - Crim Tres-Enter Structure | Held for Court (Lower Court) | F3 | 18 § 901 §§ A |
| 6 / Poss Instrument Of Crime W/Int | Held for Court (Lower Court) | M1 | 18 § 907 §§ A |
| 7 / Simple Assault | Held for Court (Lower Court) | M2 | 18 § 2701 §§ A1 |
| 8 / Recklessly Endangering Another Person | Held for Court (Lower Court) | M2 | 18 § 2705 |

**Proceed to Court**

| | | | |
|---|---|---|---|
| Information Filed | 10/19/2006 | Not Final | |
| 1 / Criminal Attempt - Criminal Homicide | Proceed to Court | M1 | 18 § 901 §§ A |
| 2 / Aggravated Assault | Proceed to Court | F1 | 18 § 2702 §§ A1 |
| 3 / Crim Tres-Enter Structure | Proceed to Court | F3 | 18 § 3503 §§ A1I |
| 4 / Crim Tres-Enter Structure | Proceed to Court | F3 | 18 § 3503 §§ A1I |
| 5 / Criminal Attempt - Crim Tres-Enter Structure | Proceed to Court | F3 | 18 § 901 §§ A |
| 6 / Poss Instrument Of Crime W/Int | Proceed to Court | M1 | 18 § 907 §§ A |
| 7 / Simple Assault | Proceed to Court | M2 | 18 § 2701 §§ A1 |
| 8 / Recklessly Endangering Another Person | Proceed to Court | M2 | 18 § 2705 |

**Guilty Plea**

| | | | |
|---|---|---|---|
| Trial | 09/24/2007 | Final Disposition | |
| 1 / Criminal Attempt - Criminal Homicide | Nolle Prossed | M1 | 18 § 901 §§ A |
| Dozor, Barry C. | 09/24/2007 | | |
| 2 / Aggravated Assault | Nolle Prossed | F1 | 18 § 2702 §§ A1 |
| Dozor, Barry C. | 09/24/2007 | | |
| 3 / Crim Tres-Enter Structure | Guilty Plea | F3 | 18 § 3503 §§ A1I |
| Dozor, Barry C. | 09/24/2007 | 350 Days | |
| Confinement | Min of 11.00 Months 15.00 Days | | |
| | Max of 23.00 Months | | |
| | 11 1/2 - 23 Months | | |
| Have no direct or indirect contact with Dannyette Lions and Lonnie Ricks. | | | |
| Comply with following directive(s) of Court:Credit for time served-350 days from 8/5/06 to 7/20/07. | | | |
| 4 / Crim Tres-Enter Structure | Nolle Prossed | F3 | 18 § 3503 §§ A1I |
| Dozor, Barry C. | 09/24/2007 | | |
| 5 / Criminal Attempt - Crim Tres-Enter Structure | Nolle Prossed | F3 | 18 § 901 §§ A |
| Dozor, Barry C. | 09/24/2007 | | |

CPCMS 9082

Printed: 05/06/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



Docket Number: CP-23-CR-0005903-2006

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Michael  Miles

Page 4 of 8

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | | |
| Sentencing Judge | Sentence Date | Grade | Section |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Credit For Time Served | |
| Sentence Conditions | | Start Date | |
| 6 / Poss Instrument of Crime W/Int | Nolle Prossed | M1 | 18 § 907 §§ A |
| Dozor, Barry C. | 09/24/2007 | | |
| 7 / Simple Assault | Guilty Plea | M2 | 18 § 2701 §§ A1 |
| Dozor, Barry C. | 09/24/2007 | | |
| Probation | Max of 2.00 Years | | |
| | 2 Years | | |
| 8 / Recklessly Endangering Another Person | Nolle Prossed | M2 | 18 § 2705 |
| Dozor, Barry C. | 09/24/2007 | | |

LINKED SENTENCES:

Link 1

CP-23-CR-0005903-2006 - Seq. No. 7 (18§ 2701 §§ A1) - Probation is Consecutive to
CP-23-CR-0005903-2006 - Seq. No. 3 (18§ 3503 §§ A1I) - Confinement

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:    Erica Giddiens Parham | Name:    David S. Daniel |
| District Attorney | Public Defender |
| Supreme Court No:    060686 | Supreme Court No:    082777 |
| Phone Number(s): | Rep. Status:    Active |
| 610-891-4181    (Phone) | Phone Number(s): |
| Address: | 610-627-1474    (Phone) |
| Delaware County District Attorney's Office | Address: |
| 201 W Front Street | Delaware County Public Defender's Office |
| Media, PA 19063 | DE Co Public Defender's Ofc |
| | 313 W Front Street |
| Name:    Wana Saadzoi | Media, PA 19063 |
| District Attorney | |
| Supreme Court No:    090650 | Representing: Miles, Michael |
| Phone Number(s): | |
| 610-891-4205    (Phone) | |
| Address: | |
| DE Co DA's Office | |
| 201 W Front Street | |
| Media, PA  19063 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|

CPCMS 9082

Printed: 05/06/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0005903-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Michael Miles

Page 5 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/25/2006 | | Court of Common Pleas - Delaware County |
| Original Papers Received from Lower Court | | | |
| 1 | 10/19/2006 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 10/20/2006 | | Delaware County Court Administration |
| Criminal Notice/ Pre-Trial Conference; 11/20/06, 9:30 AM, Courtroom TBA, J. Dozor | | | |
| 1 | 11/02/2006 | | Daniel, David S. |
| Entry of Appearance | | | |
| 1 | 11/21/2006 | | Dozor, Barry C. |
| Criminal notice/trial 1/22/07, 9am, Crtrm TBA, J. Dozor | | | |
| 1 | 12/06/2006 | | MDJ-32-1-36 |
| Transcript from Lower Court 32-1-36, DJ Griffin, August 22. 2006, 31 pages | | | |
| 1 | 01/23/2007 | | Dozor, Barry C. |
| Criminal notice/trial 4/2/07, 9am, Crtrm TBA, J. Dozor | | | |
| 2 | 04/02/2007 | | Dozor, Barry C. |
| Criminal notice/jury-trial 4/16/07, 9am, Crtrm TBA, J. Dozor | | | |
| 3 | 04/02/2007 | | Miles, Michael |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 04/17/2007 | | Dozor, Barry C. |
| Criminal notice/trial 5/7/07, 9am, Crtrm TBA, J. Dozor | | | |
| 1 | 05/07/2007 | | Dozor, Barry C. |
| Criminal notice/trial 6/25/07, 9am, Crtrm TBA, J. Dozor | | | |
| 2 | 05/07/2007 | | Miles, Michael |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 2 | 06/25/2007 | | Dozor, Barry C. |
| Criminal notice/trial 7/23/07, 9am, Crtrm TBA, J. Dozor | | | |

CPCMS 9082

Printed: 05/08/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0005903-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Michael  Miles

Page 6 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 06/25/2007 | | Miles, Michael |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 07/23/2007 | | Dozor, Barry C. |
| Criminal notice/trial 9/24/07, 9am, Crtrm TBA, J. Dozor | | | |
| 2 | 07/23/2007 | | Miles, Michael |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 09/24/2007 | | Miles, Michael |
| Guilty Plea Statement Filed | | | |
| 2 | 09/24/2007 | | Miles, Michael |
| Statement of Post-Sentence Rights Filed | | | |
| 3 | 09/24/2007 | | Dozor, Barry C. |
| Guilty Plea | | | |
| 4 | 09/24/2007 | | Dozor, Barry C. |
| Disposition Filed | | | |
| 5 | 09/24/2007 | | Dozor, Barry C. |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 09/28/2007 | | Dozor, Barry C. |
| Guideline Sentence Form | | | |
| 1 | 11/08/2007 | 10/30/2007 | Dozor, Barry C. |
| Order Granting Parole to a Detainer from the Pennsylvania Board of Probation and Parole | | | |
| Commonwealth of Pennsylvania | | | |
| 11/08/2007 | | | |
| Daniel, David S. | | | |
| 11/08/2007 | | | |
| Miles, Michael | | | |
| 11/08/2007 | | | |
| 1 | 07/02/2008 | 01/18/2008 | Dozor, Barry C. |
| Transcript, 01/18/08, J. Dozor, Crtrm. 1, 23 pages | | | |

CPCMS 9082

Printed:  05/06/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



Docket Number: CP-23-CR-0005903-2006

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Michael  Miles

Page 7 of 8

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 04/01/2010 | | Dozor, Barry C. |
| Bench Warrant Issued | | | |
| VIOL STATE PAROLE | | | |
| 1 | 08/22/2012 | | Pagano, George A. |
| Order Rescinding Bench Warrant | | | |

Printed: 05/06/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0005903-2006**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Michael  Miles

Page 8 of 8

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                                Total of Last Payment:

**Miles, Michael**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Constable (Delaware) | $181.50 | $0.00 | $0.00 | $0.00 | $181.50 |
| Automation OJS Fee (Delaware) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| District Attorney (Delaware) | $110.00 | $0.00 | $0.00 | $0.00 | $110.00 |
| OSP (Delaware/State) (Act 35 of 1991) | $612.50 | $0.00 | $0.00 | $0.00 | $612.50 |
| OSP (Delaware/State) (Act 35 of 1991) | $612.50 | $0.00 | $0.00 | $0.00 | $612.50 |
| Sheriff (Delaware) | $40.00 | $0.00 | $0.00 | $0.00 | $40.00 |
| State Court Costs (Act 204 of 1976) | $11.09 | $0.00 | $0.00 | $0.00 | $11.09 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $16.64 | $0.00 | $0.00 | $0.00 | $16.64 |
| County Court Cost (Act 204 of 1976) | $24.27 | $0.00 | $0.00 | $0.00 | $24.27 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| ATJ | $2.00 | $0.00 | $0.00 | $0.00 | $2.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Clerk of Courts - Felony (Delaware) | $185.00 | $0.00 | $0.00 | $0.00 | $185.00 |
| Bench Warrant (Delaware) | $75.00 | $0.00 | $0.00 | $0.00 | $75.00 |
| Sheriff Apprehension (Delaware) | $59.00 | $0.00 | $0.00 | $0.00 | $59.00 |
| Costs/Fees Totals: | $2,267.50 | $0.00 | $0.00 | $0.00 | $2,267.50 |
| Grand Totals: | $2,267.50 | $0.00 | $0.00 | $0.00 | $2,267.50 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.